1 | Leslie A. Cohen, Esq. (SBN: 93698)
        leslie@lesliecohenlaw.com
2 | J'aime K. Williams Esq. (SBN 261148)
        jaime@lesliecohenlaw.com
3 | LESLIE COHEN LAW, PC
    506 Santa Monica Blvd., Suite 200
4 | Santa Monica, CA 90401
    Telephone:  (310) 394-5900
5 | Facsimile:  (310) 394-9280

6 |

7 | Attorneys for Debtor and Defendant

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 |

12 | In re

13 | MARSHALL SCOTT STANDER,

14 | Debtor

15 | ROB KOLSON CREATIVE PRODUCTIONS, INC.

16 |

17 | Plaintiff(s),
            v.

18 | MARSHALL SCOTT STANDER,

19 | Defendant(s)

20 |

21 |

Case No.  1:19-bk-13099-MT

Adv. No.:  1:20-ap-01025-MT

Chapter 7

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE**

**TO THE HONORABLE MAUREEN TIGHE, TO THE PLAINTIFF, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO INTERESTED PARTIES:**

1

ANSWER TO COMPLAINT

Marshall Scott Stander ("**Debtor**" or "**Defendant**"), debtor in possession in the above-captioned bankruptcy case and defendant in the above-captioned adversary proceeding, hereby answers the Complaint Objecting to Debtor's Discharge Pursuant to Bankruptcy Code §727 ("**Complaint**") [Docket No 1] filed by  Rob Kolson Creative Productions, Inc. ("**Kolson**" or "**Plaintiff**")  as follows:

<u>JURISDICTION</u>

1.   Paragraph 1 relates to the Plaintiff's consent, and the Defendant lacks sufficient information, belief and/or personal knowledge to respond thereto and on that basis denies Paragraph 1.

2.   Paragraph 2 is admitted.

3.   Paragraph 3 is denied as calling for a legal conclusion.

4.   Paragraph 4 is denied as calling for a legal conclusion.

5.   Paragraph 5 is denied as calling for a legal conclusion.

6.   Paragraph 6 is denied as calling for a legal conclusion.

7.   Paragraph 7 is denied as calling for a legal conclusion.

8.   Paragraph 8 is denied as calling for a legal conclusion.

9.   Paragraph 9 is denied as calling for a legal conclusion.

<u>PARTIES</u>

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and as such, denies Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and as such, denies Paragraph 11.

12. Paragraph 12 is admitted.

<u>GENERAL ALLEGATIONS</u>

13. Defendant admits that his is the sole shareholder and owner of The Stander Group, Inc.  Except as expressly admitted herein, Paragraph 13 is denied as Defendant

2

ANSWER TO COMPLAINT

1  lacks knowledge or information sufficient to form a belief as to the Plaintiff's information

2  and belief as expressed in Paragraph 13.

3      14. Paragraph 14 is denied.  Paragraph 14 contains allegations which are so vague,

4  ambiguous, compound and conclusory that Defendant lacks sufficient information and

5  belief thereon, and on that basis, generally and specifically denies each and all

6  allegations contained in this paragraph. To the extent the allegations invoke documents,

7  referenced documents speak for themselves and Defendant should not be required to

8  draw conclusions therefrom or repeat the contents thereof, and on that basis is also

9  denied.  To the extent the allegations in this paragraph mischaracterize and/or attempt to

10  recharacterize events and/or transactions between and among persons or entities, it is

11  also denied.

12      15. Debtor admits that Rita McKenzie is an individual residing in the County of Los

13  Angeles, State of California.  Except as expressly admitted herein, Paragraph 15

14  contains allegations which are so vague, ambiguous, compound and conclusory that

15  Defendant lacks sufficient information and belief thereon, and on that basis, generally

16  and specifically denies each and all allegations contained in this paragraph.  To the

17  extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize

18  events and/or transactions between and among persons or entities, it is also denied.

19      16. Paragraph 16 contains allegations which are so vague, ambiguous, compound

20  and conclusory that Defendant lacks sufficient information and belief thereon, and on

21  that basis, generally and specifically denies each and all allegations contained in this

22  paragraph. To the extent the allegations invoke documents, referenced documents

23  speak for themselves and Defendant should not be required to draw conclusions

24  therefrom or repeat the contents thereof, and on that basis is also denied.  To the extent

25  the allegations in this paragraph mischaracterize and/or attempt to recharacterize events

26  and/or transactions between and among persons or entities, it is also denied.

27

28

3

ANSWER TO COMPLAINT

17. Paragraph 17 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

<u>DEBTOR – MARSHALL SCOTT STANDER</u>

20. Paragraph 20 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 20 is also denied.

21. Paragraph 21 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 21 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

22. Paragraph 22 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on

4

ANSWER TO COMPLAINT

1  that basis, generally and specifically denies each and all allegations contained in this

2  paragraph. To the extent the allegations invoke documents, referenced documents

3  speak for themselves and Defendant should not be required to draw conclusions

4  therefrom or repeat the contents thereof, and on that basis Paragraph 22 is also denied.

5  To the extent the allegations in this paragraph mischaracterize and/or attempt to

6  recharacterize events and/or transactions between and among persons or entities, it is

7  also denied.

8      23. Paragraph 23 contains allegations which are so vague, ambiguous, compound

9  and conclusory that Defendant lacks sufficient information and belief thereon, and on

10  that basis, generally and specifically denies each and all allegations contained in this

11  paragraph. To the extent the allegations invoke documents, referenced documents

12  speak for themselves and Defendant should not be required to draw conclusions

13  therefrom or repeat the contents thereof, and on that basis Paragraph 23 is also denied.

14  To the extent the allegations in this paragraph mischaracterize and/or attempt to

15  recharacterize events and/or transactions between and among persons or entities, it is

16  also denied.

17      24. Paragraph 24 contains allegations which are so vague, ambiguous, compound

18  and conclusory that Defendant lacks sufficient information and belief thereon, and on

19  that basis, generally and specifically denies each and all allegations contained in this

20  paragraph. To the extent the allegations invoke documents, referenced documents

21  speak for themselves and Defendant should not be required to draw conclusions

22  therefrom or repeat the contents thereof, and on that basis Paragraph 24 is also denied.

23  To the extent the allegations in this paragraph mischaracterize and/or attempt to

24  recharacterize events and/or transactions between and among persons or entities, it is

25  also denied.

26      25. Paragraph 25 is unintelligible and is denied.

27

28

## AMERICAN EXPRESS

26. Paragraph 26 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 26 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

27. Paragraph 27 is denied.

28. Paragraph 28 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 28 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

29. Paragraph 29 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 29 is also denied.

To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

30. Paragraph 30 contains allegations which are so unintelligible, vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 30 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

31. Paragraph 31 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 31 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

32. Paragraph 32 is unintelligible and is denied.

33. Paragraph 33 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents

7

ANSWER TO COMPLAINT

1  speak for themselves and Defendant should not be required to draw conclusions

2  therefrom or repeat the contents thereof, and on that basis Paragraph 33 is also denied.

3  To the extent the allegations in this paragraph mischaracterize and/or attempt to

4  recharacterize events and/or transactions between and among persons or entities, it is

5  also denied.

6                                    RITA MCKENZIE

7      34. Paragraph 34 contains allegations which are so vague, ambiguous, compound

8  and conclusory that Defendant lacks sufficient information and belief thereon, and on

9  that basis, generally and specifically denies each and all allegations contained in this

10 paragraph. To the extent the allegations in this paragraph mischaracterize and/or

11 attempt to recharacterize events and/or transactions between and among persons or

12 entities, it is also denied.

13     35. Paragraph 35 is denied.

14     36. Paragraph 36 contains allegations which are so vague, ambiguous, compound

15 and conclusory that Defendant lacks sufficient information and belief thereon, and on

16 that basis, generally and specifically denies each and all allegations contained in this

17 paragraph. To the extent the allegations invoke documents, referenced documents

18 speak for themselves and Defendant should not be required to draw conclusions

19 therefrom or repeat the contents thereof, and on that basis Paragraph 36 is also denied.

20 To the extent the allegations in this paragraph mischaracterize and/or attempt to

21 recharacterize events and/or transactions between and among persons or entities, it is

22 also denied.

23     37. Paragraph 37 contains allegations which are so vague, ambiguous, compound

24 and conclusory that Defendant lacks sufficient information and belief thereon, and on

25 that basis, generally and specifically denies each and all allegations contained in this

26 paragraph. To the extent the allegations invoke documents, referenced documents

27                                        8
                                ANSWER TO COMPLAINT

28

speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 37 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

38. Paragraph 38 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 38 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

39. Paragraph 39 is unintelligible and is denied.

40. Paragraph 40 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 40 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

41. Paragraph 41 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on

1  that basis, generally and specifically denies each and all allegations contained in this

2  paragraph. To the extent the allegations invoke documents, referenced documents

3  speak for themselves and Defendant should not be required to draw conclusions

4  therefrom or repeat the contents thereof, and on that basis Paragraph 41 is also denied.

5  To the extent the allegations in this paragraph mischaracterize and/or attempt to

6  recharacterize events and/or transactions between and among persons or entities, it is

7  also denied.

8      42. Paragraph 42 is denied.

9                    <u>JACQUELINE "JACKIE" STANDER</u>

10      43. Paragraph 43 contains allegations which are so vague, ambiguous, compound

11  and conclusory that it renders Paragraph 43 unintelligible, and on that basis, it is denied.

12  In addition, Defendant denies all allegations that he hid and/or converted his income.

13      44. Paragraph 44 contains allegations which are so vague, ambiguous, compound

14  and conclusory that Defendant lacks sufficient information and belief thereon, and on

15  that basis, generally and specifically denies each and all allegations contained in this

16  paragraph. To the extent the allegations invoke documents, referenced documents

17  speak for themselves and Defendant should not be required to draw conclusions

18  therefrom or repeat the contents thereof, and on that basis Paragraph 44 is also denied.

19  To the extent the allegations in this paragraph mischaracterize and/or attempt to

20  recharacterize events and/or transactions between and among persons or entities, it is

21  also denied.

22      45. Paragraph 45 contains allegations which are so vague, ambiguous, compound

23  and conclusory that Defendant lacks sufficient information and belief thereon, and on

24  that basis, generally and specifically denies each and all allegations contained in this

25  paragraph. To the extent the allegations invoke documents, referenced documents

26  speak for themselves and Defendant should not be required to draw conclusions

27

28

therefrom or repeat the contents thereof, and on that basis Paragraph 45 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

46. Paragraph 46 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 46 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

## MARIANNE STANDER

47. Paragraph 47 contains allegations which are so vague, ambiguous, compound and conclusory that it renders Paragraph 43 unintelligible, and on that basis, it is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 49 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

50. Paragraph 50 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 50 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

51. Paragraph 51 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 51 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

52. Paragraph 52 is denied.

53. Paragraph 53 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 53 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to

recharacterize events and/or transactions between and among persons or entities, it is also denied.

## "CASH"

54. Paragraph 54 is denied.

55. Paragraph 55 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 55 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

## BANK OF AMERICA

56. Paragraph 56 is denied.

57. Paragraph 57 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 57 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

## GENERAL REVENUE

13

ANSWER TO COMPLAINT

58. Paragraph 58 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 58 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied

59. Paragraph 59 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 59 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied

60. Paragraph 60 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 60 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to

14

ANSWER TO COMPLAINT

1  recharacterize events and/or transactions between and among persons or entities, it is

2  also denied

3      61. Paragraph 61 contains allegations which are so vague, ambiguous, compound

4  and conclusory that Defendant lacks sufficient information and belief thereon, and on

5  that basis, generally and specifically denies each and all allegations contained in this

6  paragraph. To the extent the allegations invoke documents, referenced documents

7  speak for themselves and Defendant should not be required to draw conclusions

8  therefrom or repeat the contents thereof, and on that basis Paragraph 61 is also denied.

9  To the extent the allegations in this paragraph mischaracterize and/or attempt to

10  recharacterize events and/or transactions between and among persons or entities, it is

11  also denied

12                    <u>ATTORNEY FEE FOR BANKRUPTCY</u>

13      62. Paragraph 62 is unintelligible, and contains allegations which are so vague,

14  ambiguous, compound and conclusory that Defendant lacks sufficient information and

15  belief thereon, and on that basis, generally and specifically denies each and all

16  allegations contained in this paragraph. To the extent the allegations invoke documents,

17  referenced documents speak for themselves and Defendant should not be required to

18  draw conclusions therefrom or repeat the contents thereof, and on that basis it is also

19  denied.

20     <u>ATTORNEYS FEE FOR DEBTOR EXAM (JUDGMENT DEBTOR CASE")</u>

21      63. Paragraph 63 contains allegations which are so vague, ambiguous, compound

22  and conclusory that Defendant lacks sufficient information and belief thereon, and on

23  that basis, generally and specifically denies each and all allegations contained in this

24  paragraph. To the extent the allegations invoke documents, referenced documents

25  speak for themselves and Defendant should not be required to draw conclusions

26  therefrom or repeat the contents thereof, and on that basis Paragraph 63 is also denied.

27                                    15

28

To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

64. Defendants lack any knowledge of Plaintiff's "information and belief," and on that basis, Paragraph 64 is denied.

65. Paragraph 65 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 65 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

66. Paragraph 66 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 66 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

67. Paragraph 67 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this

ANSWER TO COMPLAINT

paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 67 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

68. Paragraph 68 contains allegations which are so vague, ambiguous, compound and conclusory that Defendant lacks sufficient information and belief thereon, and on that basis, generally and specifically denies each and all allegations contained in this paragraph. To the extent the allegations invoke documents, referenced documents speak for themselves and Defendant should not be required to draw conclusions therefrom or repeat the contents thereof, and on that basis Paragraph 68 is also denied. To the extent the allegations in this paragraph mischaracterize and/or attempt to recharacterize events and/or transactions between and among persons or entities, it is also denied.

69. Paragraph 69 is denied.

FIRST COUNT

70. In response to paragraph 70, Defendant re-alleges and reincorporates by reference the responses set forth above as though fully set forth herein, and except where admitted, Defendant DENIES each and every allegation contained in preceding paragraphs.

71. Paragraph 71 is admitted.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

SECOND COUNT

17
ANSWER TO COMPLAINT

74. In response to paragraph 74, Defendant re-alleges and reincorporates by reference the responses set forth above as though fully set forth herein, and except where admitted, Defendant DENIES each and every allegation contained in preceding paragraphs.

75. Paragraph 75 is admitted.

69[1]. Paragraph 69 is denied.

70. Paragraph 70 is denied.

THIRD COUNT

71. In response to paragraph 71, Defendant re-alleges and reincorporates by reference the responses set forth above as though fully set forth herein, and except where admitted, Defendant DENIES each and every allegation contained in preceding paragraphs.

72. Paragraph 72 is admitted.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

FOURTH COUNT

75. In response to paragraph 75, Defendant re-alleges and reincorporates by reference the responses set forth above as though fully set forth herein, and except where admitted, Defendant DENIES each and every allegation contained in preceding paragraphs.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

---

[1] Without explanation, beginning at what should have been Paragraph 76, the numbering of the paragraphs in the Complaint revert back to Paragraph 69. Defendant's numbering is consistent with the numbering in the Complaint.

18

ANSWER TO COMPLAINT

1      WHEREFORE Defendant respectfully requests the Plaintiff not recover on any of

2 his claims for relief as prayed in the Complaint, and in answering Plaintiff's prayer for

3 relief, Defendant denies each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

5      Plaintiff fails to adequately plead or state a claim for relief against Defendant in any

6 of the asserted causes of action.

### SECOND AFFIRMATIVE DEFENSE

8      By Plaintiff's conduct or conduct of predecessors-in-interest, Plaintiff waived or

9 relinquished the right to assert any claim or right against Defendant or have ratified

10 conduct of Defendant.

### THIRD AFFIRMATIVE DEFENSE

12      Plaintiff has failed to properly plead each and every element of its case, and/or

13 does not or cannot demonstrate necessary elements as its burden to do so.

### FOURTH AFFIRMATIVE DEFENSE

15      The Complaint fails to meet the particularity standards of Fed. R. Civ. P. 9.

### FIFTH AFFIRMATIVE DEFENSE

17      Defendant lacks the requisite intent required for a finding under 11 U.S.C.

18 §727(a)(2) or (a)(4).

### SIXTH AFFIRMATIVE DEFENSE

20      Plaintiff would be unjustly enriched by recovery against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

22      Plaintiff has obtained and/or converted money from the Debtor and/or his business

23 which offsets any amounts due to Plaintiff.  In the event that Plaintiff is entitled to any

24 recovery, it should be offset by moneys Plaintiff wrongfully took from Debtor and/or his

25 business.

### EIGHTH AFFIRMATIVE DEFENSE

27

ANSWER TO COMPLAINT

28

1    Plaintiff is barred by the equitable doctrine of unclean hands from taking any relief

2  prayed in the Complaint

3                          **NINTH AFFIRMATIVE DEFENSE**

4    Plaintiff has not suffered or sustained any damages as a consequence of any

5  alleged conduct by Defendant.

6                          **TENTH AFFIRMATIVE DEFENSE**

7    Plaintiff's damages are nonexistent, and if they do exist, stated damages are

8  excessive, unreasonable and oppressive.

9                        **ELEVENTH AFFIRMATIVE DEFENSE**

10    Plaintiff is barred from any recovery because the alleged damages are

11  speculative.

12                        **TWELFTH AFFIRMATIVE DEFENSE**

13    Plaintiff fails to properly make multiple allegations and lacks personal knowledge

14  or discoverable information to bring the Complaint, and lacks standing

15                      **THIRTEENTH AFFIRMATIVE DEFENSE**

16    Defendant has insufficient information or knowledge, or does not presently know all

17  facts concerning, conduct of any defendant or the Plaintiff, sufficient to state all affirmative

18  defenses and so there may as yet be unstated affirmative defenses available. Defendant

19  reserves all rights including the rights to assert additional defenses following any

20  discovery or otherwise, and the right to amend this Answer (including should it later

21  discover additional facts, such as those demonstrating the existence of other affirmative

22  defenses).

23                          **RESERVATION OF RIGHTS**

24    Defendant reserves all rights, at law and equity, in this action.

25                            **PRAYER FOR RELIEF**

26    Based on the foregoing, Defendant respectfully prays for an order

27                                    20

ANSWER TO COMPLAINT

28

1    1)  Denying the relief prayed in the Complaint in its entirety;

2    2)  Judgment be entered in Defendant's favor; and

3    3)  For such other and further relief as the Court deems just and proper.

4

5   Respectfully Submitted,

6   Dated: August 10, 2020                    LESLIE COHEN LAW, PC

7
                                          By:   /s/   Leslie A. Cohen
8                                               Leslie A. Cohen
9                                                Attorneys for the Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                     21
                          ANSWER TO COMPLAINT
28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___8/10/20___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com
David Keith Gottlieb (TR)     dkgtrustee@dkgallc.com,
dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
Lane M Nussbaum     lnussbaum@nussbaumapc.com, info@nussbaumapc.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov                    ☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___8/10/20___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, SACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/10/20 | Olivia Hill | /s/ Olivia Hill |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.